A TRUE COPY I CERTIFY
James G. Woodward, Clerk

By: David L. Braun
Deputy Clerk

For the United States District Court
Eastern District of Missouri

# UNITED STATES JUDICIAL PANEL
## on
# MULTIDISTRICT LITIGATION

IN RE: GENETICALLY MODIFIED RICE
LITIGATION
    Tommy Sims, et al. v. Bayer CropScience LP, et al.,    )
        E.D. Arkansas, C.A. No. 2:11-cv-00033        )        MDL No. 1811

## TRANSFER ORDER

    **Before the entire Panel**:[*] Pursuant to Panel Rule 7.1, plaintiffs move to vacate our order that conditionally transferred their action to MDL No. 1811. Defendants Bayer Corp.; Bayer CropScience Holding, Inc.; and Bayer CropScience LP (collectively Bayer) oppose the motion.

    After considering all arguments of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 1811, inasmuch as plaintiff alleges harm from the contamination of commercial long grain rice stocks with genetically modified rice. We also find that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer of this action is warranted for reasons set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Missouri was an appropriate Section 1407 forum for actions sharing factual questions regarding Bayer's role in causing the contamination of commercial rice stocks with genetically modified rice. *See In re Genetically Modified Rice Litigation*, 466 F.Supp.2d 1351 (J.P.M.L. 2006).

    Plaintiffs do not dispute that their action shares questions of fact with the actions already pending in MDL No. 1811. Plaintiffs instead base their arguments against transfer primarily on the pendency of their motion to remand the action to state court, asserting that the Eastern District of Arkansas court is best positioned to rule upon the motion. As we have often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer.[1] Plaintiffs can present their motion for remand to state court to the transferee judge, who, as defendants note, already has similar motions to remand to state court – including one brought by attorneys for plaintiffs – pending before her in other MDL No.

---

    [*] Judge Barbara S. Jones did not participate in the decision of this matter.

    [1] We also note that Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not in any way limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon that motion generally has adequate time in which to do so.

- 2 -

1811 cases. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

      IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable Catherine D. Perry for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil      W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.      Paul J. Barbadoro